IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RUDOLPH W. UNDERWOOD, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| | ) | CIV-06-1215-F |
| v. | ) | |
| | ) | |
| THE HONORABLE JOE KEFFER, | ) | |
| | ) | |
| Respondent. | ) | |

REPORT AND RECOMMENDATION

Petitioner, a federal prisoner appearing *pro se*, filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the Petition be dismissed without prejudice for lack of jurisdiction.

Public records available on the world wide web, of which the undersigned takes judicial notice, reflect that in 1998 an indictment was filed in the United States District Court for the Eastern District of Arkansas charging Petitioner with the offenses of Bank Fraud (four counts) and Receipt of Commission for Procuring Loans. <https://ecf.ared.uscourts.gov/cgi-bin/DktRpt.pl?952323729279965-L_923_0-1> (accessed November 30, 2006)(docket sheet in United States v. Underwood, No. R:98-cr-00154-SWW-1). Following a jury trial conducted in 1999 Petitioner was found guilty of the Bank Fraud offenses and found not guilty of the Receipt of Commission for Procuring Loans offense and sentenced to 24 months

of imprisonment on each count to run concurrently, followed by five years of supervised release.  Petitioner appealed, and the convictions and sentences were affirmed by the United States Court of Appeals for the Eighth Circuit.  United States v. Underwood, 2 Fed.Appx. 672, 2001 WL 197825 (8th Cir. Mar. 1, 2001)(unpublished op.).  On March 23, 2006, the United States moved to revoke the supervised release of Petitioner. <https://ecf.ared.uscourts.gov/cgi-bin/DktRpt.pl?952323729279965-L_923_0-1> (accessed November 30, 2006)(docket sheet in United States v. Underwood, No. R:98-cr-00154-SWW-1).  An attorney was appointed to represent Petitioner, and a hearing was conducted on the motion.  Following the presentation of evidence and arguments at the hearing conducted on June 27, 2006, Petitioner's supervised release was revoked and Petitioner was sentenced to a 6 month term of imprisonment in the custody of the United States Bureau of Prisons ("BOP").  Id.  Petitioner instituted an appeal of the revocation to the United States Court of Appeals for the Eighth Circuit.  Id.  However, at Petitioner's request the appeal was dismissed.  Id.

After Petitioner was transferred to BOP custody and transported to the Federal Transfer Center in Oklahoma City, Oklahoma, Petitioner filed the instant § 2241 Petition.  In his Petition and accompanying Memorandum in support of the Petition, Petitioner challenges on various grounds the revocation of his supervised release, including improper venue, ineffective assistance of counsel, fraud, perjury, prosecutorial misconduct, judicial bias, and a violation of 18 U.S.C. § 3552(d) involving timely disclosure of presentence reports.

The habeas corpus petition under 28 U.S.C. § 2241 is available to one who is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A petition for writ of habeas corpus filed under 28 U.S.C. § 2241 is the proper method for challenging the manner in which a sentence is being executed. Bradshaw v. Story, 86 F.3d 164, 166 (10th Cri. 1996). The § 2241 petition does not, however, encompass the claims of a federal prisoner of unlawful conviction or sentence. In addition to the appeal procedures provided under statute, 28 U.S.C. § 1291, Congress enacted the 28 U.S.C. § 2255 motion to vacate for collateral attacks on the validity of a federal judgment or sentence and required that such a motion be brought in the court in which the conviction or sentence was entered. United States v. Hayman, 342 U.S. 205, 216 (1952); see Bradshaw, 86 F.3d at 166 ("A 28 U.S.C. § 2255 petition attacks the legality of detention, and must be filed in the district that imposed the sentence.")(citations omitted). Plaintiff has not shown that these remedies are inadequate or ineffective for litigating his claims.

This court lacks jurisdiction under 28 U.S.C. § 2241 to consider Petitioner's challenge to his conviction, original sentence, or the supervised-release revocation sentence, because such a challenge must be raised in a direct appeal or by motion under 28 U.S.C. § 2255, and neither the appeal or the § 2255 motion may be filed in this Court.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 be DISMISSED without prejudice for lack of

jurisdiction. Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court by     December   19th    , 2006, in accordance with 28 U.S.C. § 636 and LCvR 72.1. The Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives his right to appellate review of both factual and legal issues contained herein. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this    29th    day of    November   , 2006.

*[signature]*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE